**SIGNED THIS: July 16, 2007**

_____
**GERALD D. FINES**
**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JAMES W. REHBERG, JR. and | ) Bankruptcy Case No. 07-90480 |
| GEORGIANA REHBERG, | ) |
| | ) |
| Debtors. | ) |

OPINION

This matter having come before the Court on a Motion to Annul the Automatic Stay filed by Creditor, Summatyme, LLC, and Debtors' Response to Motion to Lift the Automatic Stay; the Court, having reviewed written memoranda of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. Debtors filed for relief under Chapter 13 of the Bankruptcy Code on April 6, 2007.

2. Creditor, Summatyme, LLC, is a secured creditor having a mortgage on Debtors' residence, commonly known as 408 South Nelson Avenue, Kankakee, Illinois.

3. On October 4, 2006, a Judgment of Foreclosure and Sale was entered in the Circuit Court of the Twenty-First Judicial District, Kankakee County, Illinois, in favor of Creditor, Summatyme, LLC, against the Debtors in the sum of $41,273.88.

4. On March 7, 2007, nearly one month prior to the time Debtors filed for relief under Chapter 13, the subject real estate was sold at a foreclosure sale with Creditor, Summatyme, LLC, being the successful bidder.

5. Following the foreclosure sale, Creditor, Summatyme, LLC, obtained an order confirming the sale at a time shortly following the Debtors' filing for Chapter 13 relief. The facts indicate that the Creditor was unaware of the Chapter 13 filing and now seeks both relief from the automatic stay and an order annulling the automatic stay so that the order confirming the foreclosure sale is valid.

## Conclusions of Law

Having reviewed the written memoranda of the parties, the Court finds that the case of Colon v. Option One Mortgage Corp., 319 F.3d 912 (7th Cir. 2002), controls this matter. As such, the Debtors have no rights of redemption remaining in the subject real estate and cannot pay arrearages and the mortgage over the life of their Chapter 13 plan. The Court has also reviewed the case of Snowden v. Litton Loan Servicing, 356 B.R. 429 (N.D. Ill. 2006. The Court finds that the facts of that case do not help the Debtors' cause, and any distinguishing factors between Snowden and the instant case do not serve to change the rule of law set out in Colon.

In conclusion, the Court finds that the facts are clear in this case. The foreclosure sale was held nearly one month prior to the filing of the Chapter 13 bankruptcy, and, under the

clear language set out by the Seventh Circuit in <u>Colon v. Option One Mortgage Corp.</u>, <u>supra</u>, there are no rights for the Debtors left to redeem, and their mortgage with Creditor, Summatyme, LLC, cannot be reinstated with payments through their Chapter 13 plan.

###